UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY L. HOUSTON, | ) | CASE NO. 3:16-cv-3043 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| JOHN COLEMAN, Warden,[1] | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the motion of pro se petitioner John Houston ("Houston") for relief from judgment under Fed. R. Civ. P. 60(b)(6). (Doc. No. 18 ["Mot."].) Respondent filed a response. (Doc. No. 21 ["Resp."].) The Court previously ruled that there would be no further briefing on this motion. (*See* Doc. No. 17.)

Houston also filed two additional documents: Motion for Leave of Court to be Officially Granted Equitable Tolling (Doc. No. 19) and Memorandum Setting Forth Additional Habeas Corpus Arguments (Doc. No. 20).

For the reasons set forth herein, both motions (Doc. Nos. 18 and 19) are **denied**, and Doc. No. 20, which is, in essence, an impermissible successive petition, is **dismissed**.

---

[1] The proper party respondent is the warden of the institution where Houston is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 124 S. Ct. 2711, 159 L. E. 2d 513 (2004). At the time he filed his Rule 60(b) motion, Houston was incarcerated at Toledo Correctional Institution, where Harold May ("May") is the Warden. But the record suggests that Houston is in the process of being transferred to Grafton Correctional Institution (or may already have done so). The actual identity of the respondent has no relevance to this Court's current ruling.

I.      **Background**

On December 20, 2016, represented by counsel, Houston filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 asserting that: (1) he was deprived of due process when he did not make a knowing and voluntary decision to plead guilty; and (2) trial counsel was ineffective for advising him to plead guilty to crimes he did not commit, in particular, attempted murder, kidnapping, and aggravated burglary. (Doc. No. 1-2, Memorandum in Support of Petition ["Memo"] at 19.[2])

On September 19, 2017, this Court overruled Houston's objections to the Report and Recommendation of the assigned magistrate judge and, as recommended,[3] dismissed the petition on the basis of untimeliness,[4] denying any equitable tolling of the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). (*See generally* Doc. No. 14 ["MO"].) Notably, Houston did not appeal the dismissal.

More than three years after the dismissal of his petition, Houston sought and was granted leave to file the Rule 60(b) motion now before the Court, wherein Houston asks this Court "to reevaluate its determination of equitable tolling[]" because this case presents a claim of "actual innocence" and not mere "legal insufficiency." (Mot. at 486.) Houston's additional motion, Doc. No. 19, seeks the same relief. The gravamen of Houston's argument is that, although he was indeed guilty of several of the crimes for which he was convicted, he was factually (*i.e.* actually) innocent

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

[3] *See* Report and Recommendation (Doc. No. 12 ["R&R"]).

[4] Houston's conviction became final on or about April 21, 2014, that is, 45 days after the Ohio court of appeals affirmed the trial court's resentencing judgment. (MO at 449.) Under 28 U.S.C. § 2244(d)(1), Houston had one year, absent application of any tolling, to file his habeas petition. By filing his petition on December 20, 2016, Houston failed to meet that deadline.

2

of the crimes of attempted murder, kidnapping, and aggravated burglary, and was only convicted of those crimes because the State of Ohio "woefully [misapplied] the substantive tenets of Ohio's complicity statute[,]" and committed "[c]onstitutional error in the plea colloquy[.]" (*Id.* at 488, 491.)[5] Houston asserts that this entitles him to equitable tolling of the one-year statute of limitations. He further asserts that he has already "served well over the statutory maximum prison terms allowed under Ohio law for those offenses [of which he *was* properly convicted]." (*Id.* at 492.)

## II. Legal Standard—Fed. R. Civ. P. 60(b) in Habeas Corpus Context

Fed. R. Civ. P 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Where, as here, a party relies upon Rule 60(b)(6), a stricter standard applies. Relief may be granted "only in exceptional or extraordinary circumstances which are not addressed by the first five enumerated clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (internal quotation marks and citations omitted). And "parties may not use a Rule 60(b) motion as a substitute for an appeal . . . or as a technique to avoid the consequences of decisions

---

[5] In an attempt to avoid a conclusion that his motions are no more than attempted successive petitions, Houston insists that he is not now arguing the merits of any constitutional claim (reserving that for later), but is merely advancing his actual innocence claim as a basis for relief from this Court's previous finding that equitable tolling is unwarranted. (Mot. at 492.) In fact, those substantive arguments *are* made in both his Rule 60(b) motion and his Supplemental Memorandum (Doc. No. 20), which he claims to have filed in a protective manner subject to this Court's granting of his Rule 60(b) motion.

deliberately made yet later revealed to be unwise." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (internal citations omitted).

In the context of habeas corpus, the question is whether a Rule 60(b) motion is "subject to the additional restrictions that apply to 'second or successive' habeas corpus petitions under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2244(b)." *Gonzalez v. Crosby*, 545 U.S. 524, 526, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005).

> AEDPA . . . does not "expressly circumscribe the operation of Rule 60(b)." *Gonzale[z] v. Crosby*, 545 U.S. [at] 524 . . . . But the statute's restrictions on federal courts' ability to consider and grant prisoners' applications for a writ of habeas corpus indirectly limit Rule 60(b)'s operation in the habeas corpus context: the effect of AEDPA is that "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Gonzalez*, 545 U.S. at 529 . . . (alteration in original) (quoting Rules Governing Section 2254 Cases in United States District Court, R.11, 28 U.S.C. § 2254); *see also* Rules Governing Section 2254 Cases in United States District Court, R.12, 28 U.S.C. § 2254.

*Franklin v. Jenkins*, 839 F.3d 465, 472–73 (6th Cir. 2016).

Those "applicable federal statutory provisions and rules" restrict a court's ability to consider "second or successive" habeas petitions. Under 28 U.S.C. § 2244(b)(1), "a claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Any claim that has not already been adjudicated must also be dismissed unless "it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Gonzalez*, 545 U.S. at 529 (citing 28 U.S.C. § 2244(b)(2)). And even when a claim is permissible under the statute, "district courts lack jurisdiction to consider second or successive habeas petitions without preauthorization from the

4

relevant Court of Appeals." *Franklin*, 839 F.3d at 473 (citing 28 U.S.C. § 2244(b)(3); *Burton v. Stewart*, 549 U.S. 147, 149, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (per curiam)).

**III.   Discussion**

The question presented to the Court at this juncture is "whether a Rule 60(b) motion filed by a habeas petitioner is a "habeas corpus application" as the statute [*i.e.* § 2244(b)] uses that term." *Gonzalez*, 545 U.S. at 530.

Petitioner Houston's Rule 60(b)(6) motion alleges that his "other reason" for relief from this Court's judgment on his original habeas petition is that he is "actually innocent" because "the State of Ohio has egregiously misapplied the culpability component of its complicity statute, O.R.C. 2923.03(A)[.]" (Mot. at 492.) Houston's original habeas petition also alleged actual innocence, but the petition was not timely filed within the one-year statute of limitations and this Court determined that equitable tolling was not warranted. In dismissing Houston's original petition, the Court agreed with respondent that, "[b]y the time [Houston] filed his state court motion to withdraw his guilty plea on January 21, 2016, the statute of limitations had already run[,]" and could not be revived by the tolling provision in § 2244(d)(2). (MO at 449–50; 456 (citations omitted).) The Court further rejected Houston's argument that, after his guilty plea, he had belatedly made two "discoveries" relating to his "actual innocence"[6] that needed to be

---

[6] The R&R identified these two discoveries as follows:

> Petitioner contends his claims are based on two "discoveries" subsequent to his guilty plea: "(1) the discovery that the 'foreseeability' basis underlying his guilty plea [was] insufficient under Ohio law; and (2) the discovery that the state courts of Ohio could not provide relief to [Petitioner] despite that insufficiency" based on *State v. Nolan*, 141 Ohio St. 3d 454[, 25 N.E.3d 1016] (2014).

(MO at 451, citing R&R at 419–20 (additional citation omitted).)

exhausted in state court[7] and, therefore, entitled him to equitable tolling of the statute of limitations. (*Id*. at 456–59.)

Both of Houston's pending motions ask this Court to reconsider its ruling with respect to equitable tolling.[8] Houston bases his Rule 60(b) motion on the "other reason" prong of the rule, claiming that his actual innocence is a reason to grant him relief from the judgment. But this is not a new argument, having been raised in his original petition, although in slightly different form; both then and now Houston argues that he was not guilty of three of the crimes for which he was convicted because he lacked the requisite intent. As a result, under *Gonzalez*, Houston's Rule 60(b) "motion" (as well as his Supplemental Memorandum) must be construed as a "habeas application" and, since they raise a claim already adjudicated in his original petition, the application must be dismissed. In the alternative, if the documents are construed as raising something new that Houston could not have known about at the time of his original petition, at the very least, he must have preauthorization from the Sixth Circuit Court of Appeals to file his successive petition, an authorization he has neither sought nor received.

---

[7] The R&R had noted the Supreme Court's "procedure to avoid any such [exhaustion] dilemma: the petitioner can file a 'protective petition' and ask the federal court to stay proceedings until state court remedies already in process are exhausted." (MO at 451 n.7, citing R&R at 422 n.3, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416–17, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).) Houston failed to use that procedure when he originally filed for habeas relief and, as a result, did not avail himself of the procedure's benefit.

[8] Houston, who has apparently been assisted by a paralegal at Toledo Correctional Institution, is in the process of relocating to Grafton Correctional Institution. Because Houston claims he would be "wholly incapable of making the remainder of his habeas corpus arguments without [this paralegal's] direct assistance[,]" (Doc. No. 19 at 506), he filed his "Separate Memorandum Setting Forth His Additional Habeas Corpus Arguments[,]" (*see* Doc. No. 20), but seeks to stay any ruling on the merits of those arguments until after this Court "officially grant[s] equitable tolling." (Doc. No. 19 at 506.)

**IV.     Conclusion**

For the reasons set forth herein, petitioner Houston's motions (Doc. Nos. 18 and 19) are denied. Further, Doc. No. 20 is stricken from the record as having been impermissibly filed. Finally, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: April 9, 2021

                                                       **HONORABLE SARA LIOI**
                                                       **UNITED STATES DISTRICT JUDGE**